UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS TULLOCK, ET AL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Cause No: 4:19 CV 1783 RWS |
| | ) |
| CITY OF ST. LOUIS, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter is before me on the defendant, City of St. Louis's ("City") motion to dismiss Counts II and IV[1] of the plaintiffs' claim pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiffs bring a federal claim under the Fair Labor Standards Act ("FLSA"), as well as two related state law contract claims, stemming from the plaintiffs' employment by the City. The plaintiffs' claim they were not properly compensated for their overtime work. The city is moving to dismiss the two state law claims.

## **BACKGROUND**

The following information is based on the complaint and construed in the light most favorable to the Plaintiffs. Dennis Tullock, Mark McLaughlin, and

---
[1] The complaint mislabeled the third claim, Count IV.

Bernard Crittenden all began working for the City of St. Louis Water Division (the "Water Division") more than twenty years ago. The city contracted with them to perform certain duties, including installing, maintaining, and repairing water mains and other components of the City's water distribution system. They are compensated on an hourly basis and submit their hours to their supervisors on a weekly or biweekly basis.

The plaintiffs are currently the only three water maintenance supervisors employed by the city. They have routinely been required to work in excess of 8-hours per day and 40-hours per week. Additionally, they are required to be on call in the evenings, in case there are water emergencies in the city. Although the plaintiffs have been routinely required to work overtime, they were not paid one and one-half times their standard rate for these hours. Based on this failure, the plaintiffs bring these claims for violation of FLSA, *quantum meruit*, and unjust enrichment.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). I am not, however, bound to accept as true

a legal conclusion couched as a factual allegation. Bell Atlantic Corporation v. Twombly, 555 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.C. 662, 667, 129 S.Ct. 1937, 1949 (quoting Twombly, 555 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

## DISCUSSION

The City moves to dismiss the plaintiffs' state law claims for *quantum meruit* and unjust enrichment. According to the City, the plaintiffs failed to allege the existence of a valid written contract between the parties as required by Missouri law and the Charter of the City of St. Louis (the "Charter").[2]

Under Missouri law, contracts with municipalities must be in writing. Specifically, the law states,

> No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the

---
[2] Charter of the City of St. Louis, "Execution of City Contracts" provides that all City contracts must be in writing, signed and executed in the name of the City. Charter of the City of St. Louis, Art. XXV, §9.

consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

R.S.Mo § 432.070. "Moreover, equitable remedies such as estoppel are not available to overcome the requirements of § 432.070, even where the municipal entity has received the benefit of the other party's performance." Ballman v. O'Fallon Fire Prot. Dist., 459 S.W.3d 465, 467 (Mo. Ct. App. 2015) (internal citations omitted). Therefore, in order to state a claim for unjust enrichment or *quantum meruit,* the plaintiff must plead that (1) there is a contract between the parties, (2) that the contract is in writing and dated, (3) that the contract is subscribed by the parties or their authorized agents, (4), that the contract is within the scope of the municipality's authority or expressly authorized by law, and (5) that the contract was made solely based on consideration to be performed after its execution. DeMar v. Kansas City, MO., School Dist., 802 S.W.2d 537 (MO Ct. App. 1991).

 Alternatively, substantial compliance with R.S.Mo § 432.070 may be sufficient to establish a valid contract. The doctrine of substantial compliance applies when a formal contract is not written, but the terms of the contract are memorialized in another form that substantially complies with the statue. See Porter v. City of Lake Lotawana, 651 F.3d 894, 898 (8th Cir. 2011) First Nat'l Bank of Stoutland v. Stoutland Sch. Dist. R2, 319 S.W.2d 570, 573 (Mo.1958). In

order to establish substantial compliance a party must, at a minimum, show that the municipality had the authority to enter into the contract, that there was valid consideration, and the existence of some writing memorializing the contract. See O'Brien v. St. Louis Public Schools Dist., 2012 WL 1382997, *4 (E.D.Mo April 20, 2012)

The City argues that the plaintiffs did not satisfy the requirements of R.S.Mo § 432.070 or the Charter. ECF No. [8-1]. In their response to the City's motion to dismiss, the plaintiffs do not argue that they plausibly alleged the existence of a written contract satisfying the requirements of R.S.Mo. § 432.070, ECF No.[9], rather they argue that they pled sufficient facts to plausibly allege substantial compliance with the statute. Specifically, the plaintiffs argue that their weekly time sheets, which must be signed by their supervisors and the written grievances filed with their supervisor satisfy the writing requirement. ECF No. [9] at 3.

Although plaintiffs' plead sufficient facts to demonstrate that the City had the authority to enter into an employment contract with the plaintiff and that there was valid consideration, they fail to establish the "existence of some writing memorializing the contract." Both the grievances filed with their supervisors and the weekly time sheets help to establish the existence of an agreement between the parties, but do not establish the writing requirement for substantial compliance. In order to satisfy the requirements for substantial compliances, the writings must

memorialize the contract. Although courts have held that a contract with a municipal authority need not be contained in one writing, they have made clear that for a writing or writings to constitute a valid contract they must communicate the agreement between the parties and the terms to which they are bound. Division Cavalry Brigade v. St. Louis County, 269 S.W.3d 512, 516-17 (MO Ct. App. 2008).

 The cases the plaintiff cites to support their claim of substantial compliance are distinguishable. In the majority of the cases cited, there was a written contract that was not properly signed or executed, thus requiring additional parol evidence to substantiate its validity. See Shadowood Development Co., Ltd. V. City of lake St. Louis, 668 S.W.2d 647 (MO Ct. App. 1984) (analyzing a written construction contract signed by the acting mayor and minutes from a board of alderman meeting); Lynch v. Webb City School Dist. No. 92, 418 S.W.2d 608 (Mo. Ct. App 1967) (considering board minutes and a form contract); Rail Switching Services, Inc. v. Marquis-Missouri Terminal, LLC, 533 S.W.3d 245 (MO Ct. App. 2017)(analyzing an operating agreement). And in the few cases where the writings in question did not include a contract, there was either another type of document that outlined the details of the parties agreement or the writings were deemed insufficient to satisfy the substantial compliance requirement. O'Brien , 2012 WL 1382997, *4 (E.D.Mo April 20, 2012) (finding board meeting minutes approving

indemnification of O'Brien subject to a reservation of rights were sufficient to establish substantial compliance); Massie v. Cottonwood School Dist. No 36 of Nodaway County, 70 S.W.2d 1108 (MO Ct. App. 1934) (holding that an application without board minutes or some writing confirming acceptance is insufficient to establish a contract); DeMar v. Kansas City, MO., School Dist., 802 S.W.2d 537 (MO Ct. App. 1991)(holding that correspondence minutes, other documents, and parol evidence was insufficient to overcome motion to dismiss); Veiling v. City of Kansas City, 901 S.W.2d 119 (MO Ct. App. 1995)(holding that a written offer of employment and a written acceptance were sufficient to overcome a motion to dismiss). In this case, the plaintiffs do not plead the existence of a writing that provides details of the agreement between the parties and the other facts alleged do not lead to an inference that such writings exist.

## LEAVE TO AMEND

Under Fed. R. Civ. P. 15(a)(2), I should liberally grant leave to amend a complaint "when justice so requires." Under this standard, I may deny a motion to amend based on "undue delay, bad faith, dilatory motive," or futility or undue prejudice to the non-moving party. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 225 (8th Cir. 1994). Plaintiffs' requested leave to amend in their response to the defendant's motion to dismiss. Although, the plaintiff's failed to file a formal motion, I will grant them leave to amend to assert substantial compliance with

R.S.Mo §432.070.

## CONCLUSION

Since the plaintiffs' failed to plead facts sufficient to state a plausible claim for substantial compliance with R.S.Mo. § 432.070, the Defendant's motion to dismiss is granted. Additionally, the plaintiffs are granted leave to amend their complaint to allege substantial compliance with R.S.Mo. § 432.070. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss II and IV by the City of St. Louis, ECF No. [8], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an Amended Complaint by November 22, 2019, to assert substantial compliance with R.S.Mo §432.070.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November 2019.